**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE PRESS APPLICATION FOR ACCESS TO JUDICIAL RECORDS IN CASE NO. 23-SC-31, IN THE MATTER OF THE SEARCH OF INFORMATION THAT IS STORED AT PREMISES CONTROLLED BY TWITTER, INC. | Case No. 23-mc-84-JEB |

**THE PRESS COALITION'S RESPONSE TO THE GOVERNMENT'S
NOTICE OF MISCELLANEOUS FILING AND PROPOSED SCHEDULE**

The Press Coalition,[1] by and through counsel, respectfully submits this response to the

Government's Notice of Receipt of Miscellaneous Filing and Proposed Schedule ("Notice"),

Dkt. 11.  Because the Press Coalition served a copy of its access application on the Government

and Twitter on August 21, 2023, the deadline for the Government and Twitter to file a response

was September 5, 2023.  *See* Local Civil Rule 7(b).  Twitter timely filed a response, *see* Dkt. 8,

but the Government did not.  Instead, without meeting-and-conferring with undersigned counsel,

the Government filed its Notice, which claims that its counsel "learned" only yesterday about

this miscellaneous action and "proposes" a response deadline of October 6, 2023.  Notice at 1, 2.

For three reasons, the Court should reject the Government's proposal and order the

Government to file any response by no later than September 12, 2023, one week after it should

have responded to the Press Coalition's application.

---

[1] The Press Coalition consists of Advance Publications, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, Bloomberg L.P., Cable News Network, Inc., CBS Broadcasting, Inc. o/b/o CBS News, Dow Jones & Company, Inc., publisher of The Wall Street Journal, The E.W. Scripps Company, Fox News Network, LLC, USA TODAY, a publication operated by subsidiaries of Gannett Co., Inc., Gray Media Group, Inc., Los Angeles Times Communications LLC, publisher of The Los Angeles Times, National Cable Satellite Corporation d/b/a C-SPAN, NBCUniversal Media, LLC d/b/a NBC News, The New York Times Company, POLITICO LLC, Radio Television Digital News Association, Reuters News & Media Inc., TEGNA Inc., Telemundo Network Group LLC d/b/a Noticias Telemundo, Univision Networks & Studios, Inc., and WP Company LLC d/b/a The Washington Post.

**First**, the Government concedes that it received a "service copy" of that application.  *See* Notice at 1.  As reflected in the Certificate of Service, the Press Coalition provided counsel for the Government and Twitter with copies of the application <u>on August 21, 2023</u>.  *See* Dkt. 1 at 15. Because a response to a motion is due "[w]ithin 14 days of the date of service," *see* Local Civil Rule 7(b), the Government could have started working on its response immediately – and if the Government were truly uncertain, at any time during that 14-day period the Government could have just asked undersigned counsel where the response should be filed.[2]  At a minimum, the Government could and should have started "review[ing] the requested documents in detail" during that period, given that it now purports that it "will take some time" to complete the task. Indeed, it is troubling that the Government was not <u>already</u> reviewing those records to assess whether it still has a compelling interest in withholding them from the public, given that the D.C. Circuit had unsealed its decision in *In re Sealed Case*, No. 23-5044, --- F.4th ---, 2023 WL 5076091, on August 9, 2023, which disclosed to the public substantial information about the dispute between Twitter and the Government.  Moreover, when the D.C. Circuit ordered the Government the following week to show cause why additional records in the case should not be unsealed, it expressly reminded the Government of its "obligation to 'promptly notify the Court when it is no longer necessary to maintain the record or portions of the record under seal.'"  Aug. 16, 2023 Order (per curiam), *In re Sealed Case*, No. 23-5044 (quoting D.C. Cir. Rule 47.1(f)(4)).

**Second**, while the Government claims that its counsel "learned that the Press Coalition's application had been docketed as a separate miscellaneous matter" only after seeing Twitter's response on September 5, *see* Notice at 1, on August 29, undersigned counsel emailed counsel

---

[2] This would have been particularly easy given that undersigned counsel spoke with Government counsel by telephone on August 31, 2023, regarding the Government's response to the Press Coalition's request, discussed *infra*, for consent to file an amicus brief.

for the Government and for Twitter to request their consent to file an amicus brief in *In re Sealed Case*, No. 23-5044 (D.C. Cir.), which is Twitter's appeal from the District Court proceeding to which this miscellaneous access matter relates.  In that email, undersigned counsel stated that they were making that request "on behalf of the same coalition of news media organizations that requested unsealing of additional records in *In re Twitter* in D.D.C. (No. 23-mc-84)," thus providing the Government's and Twitter's counsel with the docket number for <u>this</u> action.  The Government therefore "learned that the Press Coalition's application had been docketed as a separate miscellaneous matter," at the latest, on August 29 – a week before its response was due.

  **<u>Third</u>**, the Government does not explain or provide any authority to justify its decision to unilaterally "propose" a response date rather than, per normal order, meeting-and-conferring with the Press Coalition and Twitter and filing a motion to extend the response deadline.  The Government may have its reasons to seek additional time to respond to the Press Coalition's access request in this important matter, but the Press Coalition should not be hearing about those reasons for the first time in a public court filing rather than via telephone or email.

  For the foregoing reasons, the Press Coalition respectfully requests that the Court reject the Government's proposed response deadline and order the Government to file its response to the Press Coalition's application by no later than September 12, 2023.

Dated:  September 7, 2023   Respectfully submitted,

           BALLARD SPAHR LLP

           /s/ *Charles D. Tobin*
           Charles D. Tobin (#455593)
           Maxwell S. Mishkin (#1031356)
           Chad R. Bowman (#484150)
           Lauren Russell (#1697195)
           1909 K Street, NW, 12th Floor
           Washington, DC 20006
           Tel: (202) 661-2200

Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
bowmanchad@ballardspahr.com
russelll@ballardspahr.com

*Counsel for the Press Coalition*