IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE PRESS APPLICATION FOR ACCESS TO JUDICIAL RECORDS IN CASE NO. 23-SC-31, IN THE MATTER OF THE SEARCH OF INFORMATION THAT IS STORED AT PREMISES CONTROLLED BY TWITTER, INC. | Case No. 23-mc-84-JEB |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF THE PRESS COALITION'S APPLICATION FOR ACCESS TO JUDICIAL RECORDS**

The Press Coalition,[1] by and through counsel, respectfully submits this Reply Memorandum in Further Support of its Application ("Appl.") for Access to Judicial Records in Case No. 23-sc-31 (D.D.C.), *In the Matter of the Search of Information That Is Stored at Premises Controlled by Twitter, Inc.* ("*In re Twitter*"). The Government initially objected in full to the Application, *see* ECF 1 at 2, but it now consents to "the public release of the docket" in *In re Twitter* and to release of "the majority of the filings memorialized on the docket," *see* Gov't's Resp. to Press Appl. for Access to Judicial Records ("Resp.") (ECF No. 15) at 11. Yet the Government seeks to keep sealed four categories of court records that would shed further light on its conduct and the Court's rulings in this closely watched matter: (1) the Government's application for a search warrant for former President Trump's Twitter account, including the accompanying affidavit; (2) the Government's application for a nondisclosure order prohibiting

---

[1] The Press Coalition consists of Advance Publications, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, Bloomberg L.P., Cable News Network, Inc., CBS Broadcasting, Inc. o/b/o CBS News, Dow Jones & Company, Inc., publisher of The Wall Street Journal, The E.W. Scripps Company, Fox News Network, LLC, USA TODAY, a publication operated by subsidiaries of Gannett Co., Inc., Gray Media Group, Inc., Los Angeles Times Communications LLC, publisher of The Los Angeles Times, National Cable Satellite Corporation d/b/a C-SPAN, NBCUniversal Media, LLC d/b/a NBC News, The New York Times Company, POLITICO LLC, Radio Television Digital News Association, Reuters News & Media Inc., TEGNA Inc., Telemundo Network Group LLC d/b/a Noticias Telemundo, Univision Networks & Studios, Inc., and WP Company LLC d/b/a The Washington Post.

Twitter from informing Trump about the warrant; (3) portions of the search warrant; and (4) the Government's ex parte opposition to Twitter's motion to vacate or modify the nondisclosure order. Because the Government has failed to rebut the presumption of access to these records under the First Amendment and common law, the Court should promptly unseal them.

## ARGUMENT

As an initial matter, because the Government now concedes that the Court should unseal the docket in *In re Twitter* along with all "filings reflected on the docket that have not yet been made public" and as to which the government does not specifically request continued sealing, *see* Resp. at 2, the Court should unseal the docket and those uncontested records immediately. As to the other records, which the Government seeks to keep sealed, the Government has failed to carry its heavy burden to overcome the First Amendment and common law rights of access.

## I.    THE GOVERNMENT HAS FAILED TO REBUT THE PRESUMPTION OF ACCESS TO THE SEALED RECORDS UNDER THE COMMON LAW

The parties agree that the common law right of access requires courts to conduct a two-step analysis. Appl. at 8-9; Resp. at 8-9. First, courts determine whether the records at issue are "judicial records" to which there is a "strong presumption" in favor of access. *Metlife v. Fin. Stability Oversight Council*, 865 F.3d 661, 665-69 (D.C. Cir. 2017). Second, if they are judicial records, courts then apply the six-factor *Hubbard* test to determine whether that strong presumption of access has been rebutted. *Id.* The Government errs on five grounds in arguing that the *Hubbard* factors weigh in favor of continued sealing.

**First**, the Government attempts to short-circuit the *Hubbard* test altogether by asserting that the common law right of access categorically does not apply to judicial records that "reveal still-secret matters occurring before the grand jury." Resp. at 11. To be sure, Rule 6(e) overrides any common law right of access to grand jury materials themselves. *In re Motions of Dow Jones*

*& Co.*, 142 F.3d 496, 504 (D.C. Cir. 1998). But the Government's claim here is more sweeping: it asserts that the common law right of access simply does not apply to an entire court record – including quintessential judicial records such as briefs and opinions – if that record contains any mention of a piece of information that remains secret before a grand jury. Precedent, however, holds otherwise. The D.C. Circuit instructs that where a judicial record contains "sensitive" information, courts can and should "permit redaction of that kind of information," even as the common law right of access applies to the record as a whole. *Metlife*, 865 F.3d at 671.

**Second**, the Government incorrectly asserts that "the need for public access to the still-sealed documents at issue here is low" because of "the extensive amount of information to which the public is already privy." Resp. at 11. To the contrary, the public has a powerful interest in access to the sealed records. Without being able to review the warrant application and affidavit, the warrant itself, the nondisclosure order application, and the response to Twitter's motion to vacate that order, the public cannot meaningfully evaluate the Court's decisions to issue the warrant and nondisclosure order and maintain that order over Twitter's objections. *See Metlife*, 865 F.3d at 668 ("Without access to the sealed materials, it is impossible to know which parts of those materials persuaded the court and which failed to do so (and why)."); *In re N.Y. Times Co.*, 585 F. Supp. 2d 83, 93 (D.D.C. 2008) (ordering the Government to release search warrant materials with limited redactions because of the public's "legitimate interest in observing and understanding how and why the investigation progressed in the way that it did"); *In re Sealed Search Warrant*, 622 F. Supp. 3d 1257, 1265 (S.D. Fla. 2022) (rejecting Government's request to keep entirely sealed application for warrant to search Mar-a-Lago and noting "the intense public and historical interest in an unprecedented search of a former President's residence").

**Third**, the Government concedes that the records it seeks to keep sealed may contain information "made public elsewhere," including "in the indictment, in unrelated court filings, or in congressional proceedings," but it asserts that such already-public information "is inextricably intermingled with nonpublic information, which would make any resulting redacted document difficult to comprehend and would allow informed observers to easily guess the contents of the sensitive, sealed information." Resp. at 14.  The Government similarly argues that these records should stay completely sealed to prevent harm to this investigation and potential future investigations.  *Id.* at 15.  The Government made those exact same arguments, however, in seeking to keep sealed the entire Mar-a-Lago search warrant application, and the court rejected them in favor of having the Government propose redactions and reviewing them in camera, *see In re Sealed Search Warrant*, 622 F. Supp. 3d at 1265, before ultimately ordering the release of increasingly-less redacted copies of those records.  *See, e.g.*, Marshall Cohen, *Judge unseals less redacted version of affidavit used for Mar-a-Lago search warrant*, CNN (Sept. 13, 2022), https://www.cnn.com/2022/09/13/politics/less-redacted-mar-a-lago-affidavit/index.html.  If this Court does not release these requested records in full, therefore, it should take the same approach as the Florida federal court and direct the Government to propose redactions to the records, and then assess those proposed redactions in light of the court records that have already been released in this matter, including the briefs, appendix, and oral argument transcripts that the D.C. Circuit recently unsealed.  *See* Order, *In re Sealed Case*, No. 23-5044 (D.C. Cir. Sept. 15, 2023).

**Fourth**, the Government argues that it must keep these records sealed to protect "the privacy interests of law enforcement personnel, witnesses, and unindicted individuals," and it further asserts that it cannot protect such privacy interests "simply by redacting names and other specific identifying information" because "sophisticated readers" may be able "to easily discern

4

their identities." Resp. at 16. But these individuals are not all on equal footing: some may be otherwise-private citizens, but others may be current or former public officials or public figures whose diminished expectations of privacy cannot justify withholding these records in full. Indeed, the Government seemingly came to that realization in preparing the indictment in the *United States v. Trump* prosecution in this District, which described multiple unindicted co-conspirators in sufficient detail to permit their identification, and where those unindicted co-conspirators include former New York City mayor and federal prosecutor Rudy Giuliani, former federal prosecutor Sidney Powell, and former Department of Justice official Jeffrey Clark. *See, e.g.*, Holly Bailey et al., *Here are the Trump co-conspirators described in the DOJ indictment*, Wash. Post (Aug. 1, 2023), https://www.washingtonpost.com/national-security/2023/08/01/doj-trump-indictment-trump-coconspirators/; Robert Costa et al., *Who are the co-conspirators in the Trump Jan. 6 indictment?*, CBS News (Aug. 3, 2023), https://www.cbsnews.com/news/who-are-the-co-conspirators-in-the-trump-indictment/.

The Government thus paints with too broad a brush by asserting that individual privacy interests alone can justify withholding these records in full, and it ignores the D.C. Circuit's holding on this point. *See In re L.A. Times Commc'ns*, 28 F.4th 292, 298 (D.C. Cir. 2022) (concluding the district court erred in its *Hubbard* analysis by "plac[ing] almost no weight on the extensive media reporting relating to the Justice Department investigation, including the [subject's] own acknowledgment of the investigation, when evaluating the privacy interests at stake" and by failing to "address whether [the subject's] privacy interest was further diminished because the investigation involved actions taken by a public official in his public capacity").

**Fifth**, the Government races past the final *Hubbard* factor, the purpose for which the records were introduced in the judicial proceeding. The Government argues only that "although

the materials at issue here were considered as part of judicial decisionmaking," the asserted law enforcement and privacy interests "favor continued sealing." Resp. at 17 (cleaned up). As the D.C. Circuit has observed, the final *Hubbard* factor can be the most important in the analysis in a case such as this one. *See CNN v. FBI*, 984 F.3d 114, 120 (D.C. Cir. 2021) ("When a sealed document is considered as part of judicial decisionmaking, the sixth factor will oftentimes carry great weight."); *In re L.A. Times*, 28 F.4th at 298 (same). That factor weighs squarely in favor of unsealing here given the significant role these records played in this Court's decision-making.

In sum, the Government has not carried its heavy burden to overcome the "strong presumption" of access to these judicial records. The Court should therefore unseal them in full or, at a minimum, release them with only those narrow redactions that the Court itself deems necessary to protect any legitimate law enforcement and personal privacy interests.

## II.   THE COURT SHOULD UNSEAL THE REQUESTED RECORDS PURSUANT TO THE FIRST AMENDMENT RIGHT OF ACCESS

Even if the common law right of access did not compel the release of the requested records, and it does, the more powerful First Amendment right of access would oblige the Court to unseal these records at least in part. The Government does not meaningfully dispute whether the First Amendment right of access applies to these records. S*ee* Resp. at 17-18. It erroneously urges the Court to essentially treat the First Amendment and common law access rights as equivalent, arguing that "[t]he same compelling investigative and individual privacy interests the government identified to support continued sealing under the common law would require the materials at issue to remain under seal even if the First Amendment did apply," *see id.* at 18. But the Government fails to acknowledge that to overcome the First Amendment access right, it must do more than show a compelling interest in continued sealing: it must also demonstrate that any sealing is both "narrowly tailored" and (2) "essential to preserve" that "compelling government

6

interest." *Wash. Post v. Robinson*, 935 F.2d 282, 289 (D.C. Cir. 1991). The First Amendment right of access thus forbids sealing records in full where, as here, "the goal of protecting" the Government's stated compelling interest "can be accomplished by means less restrictive than prohibiting access to the [sealed] materials altogether," such as "by simply redacting" particular information. *In re N.Y. Times*, 585 F. Supp. 2d at 91. Pursuant to the First Amendment right of access, therefore, the Court should unseal the four categories of records in dispute with only those narrow redactions – if any – that the Court concludes are essential to protecting the Government's asserted compelling interests.

## CONCLUSION

For the foregoing reasons and those set forth in its application, the Press Coalition respectfully requests that the Court (1) promptly unseal the docket in *In re Twitter*; (2) promptly unseal the records in *In re Twitter* other than those to which the Government has objected; and (3) either promptly unseal the four categories of records still in dispute or direct the Government to promptly propose narrowly tailored redactions to those records for the Court's review.

Dated:  October 6, 2023          Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Chad R. Bowman (#484150)
Lauren Russell (#1697195)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200 | Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
bowmanchad@ballardspahr.com
russelll@ballardspahr.com

*Counsel for the Press Coalition*