UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE PRESS APPLICATION FOR ACCESS TO JUDICIAL RECORDS IN CASE NO. 23-SC-31, IN THE MATTER OF THE SEARCH OF INFORMATION THAT IS STORED AT PREMISES CONTROLLED BY TWITTER, INC. | Case No. 1:23-mc-00084-JEB |

**TWITTER'S UNOPPOSED MOTION FOR LEAVE TO FILE REPLY TO THE UNITED STATES' RESPONSE TO PRESS APPLICATION FOR ACCESS TO JUDICIAL RECORDS**

X Corp., as successor in interest to Twitter, Inc. ("Twitter," for convenience), respectfully requests leave to file a limited six-page reply to the United States' response to the Press Coalition's application for access to judicial records (Dkt. 15). Pursuant to Local Rule 7(m), Twitter conferred with all parties on October 5, 2023. The Press Coalition consents to Twitter's motion. The government takes no position. Twitter has good cause to file its reply, attached hereto as Exhibit 1. The decision whether to grant leave to file a permissive reply "is entrusted to the sound discretion of the district court." *Robinson v. Panera, LLC*, 2019 WL 5216265, at *3 (D.D.C. Oct. 16, 2019). When evaluating such motions, courts must consider whether the proposed reply responds to "arguments or issues [raised] for the first time, whether the … proposed []reply would be helpful to the resolution of the pending motion, and whether the [opposing party] would be unduly prejudiced were leave to be granted." *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012) (citations omitted). These factors counsel in favor of permitting Twitter's proposed reply.

*First*, the reply is limited to addressing three points that the government made specifically in response to Twitter's memorandum, including regarding material that was unsealed in the

D.C. Circuit after Twitter filed its initial memorandum but before the government filed its response.  Twitter is largely aligned with the Press Coalition and timely filed a response to the Press Coalition's application to raise distinct arguments in partial support of unsealing.  *See* Dkt. 8.  The government did not file its response to the Press Coalition's application until over three weeks later, which allowed the government to respond to the arguments Twitter raised.  *See* Dkt. 15 at 12-13, 15-16, n.4.  Twitter will not have a similar opportunity to respond to the government's memorandum absent a permissive reply.

*Second*, Twitter's reply will "be helpful to the resolution" of the Press Coalition's application for access.  *Banner Health*, 905 F. Supp. 2d at 187.  Twitter, as a party to the case in which the materials are sealed, has a unique interest in their disclosure and can provide a unique perspective on whether the government has been consistent in its position on sealing across the litigation.  Twitter also, as a frequent recipient of legal process and non-disclosure orders, has an acute interest in understanding the full basis for *ex parte* judicial decisions concerning such orders both generally and in this matter.

*Third*, no party will suffer delay or be otherwise prejudiced by Twitter's brief and timely reply.  Twitter's reply will not cause any delay because Twitter is filing it at the same time as the Press Coalition is filing its reply.  And the government will not be prejudiced because it addressed or had an opportunity to address the arguments raised in Twitter's reply in its memorandum.  *See, e.g.*, *Block v. District of Columbia*, 748 F. Supp. 891, 893 n.2 (D.D.C. 1990) (finding no prejudice and granting leave to file a reply over objection where the opposing party "responded in its opposition to the arguments raised in the … proposed reply").

For the foregoing reasons, Twitter respectfully requests leave to file the proposed reply, attached hereto as Exhibit 1.

Dated: October 6th, 2023

                                    Respectfully submitted,

                                    <u>s/ Seth Waxman</u>
                                    Seth Waxman, D.C. Bar 257337
Ari Holtzblatt, D.C. Bar 1009913
Benjamin Powell, D.C. Bar 464823
Whitney Russell, D.C. Bar 987238
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave. NW
Washington, DC 20037
Seth.Waxman@wilmerhale.com
Ari.Holtzblatt@wilmerhale.com
Benjamin.Powell@wilmerhale.com
Whitney.Russell@wilmerhale.com
Tel: (202) 663-6000
Fax: (202) 663-6363

*Counsel for X Corp., successor in interest to Twitter, Inc.*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of October 2023, I caused the foregoing to be electronically filed using the Court's CM/ECF system.

<u>s/Seth Waxman</u>
Seth Waxman, D.C. Bar 257337
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave. NW
Washington, DC 20037
Seth.Waxman@wilmerhale.com
Tel: (202) 663-6000
Fax: (202) 663-6363
