# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE PRESS APPLICATION FOR ACCESS TO JUDICIAL RECORDS IN CASE NO. 23-SC-31, IN THE MATTER OF THE SEARCH OF INFORMATION THAT IS STORED AT PREMISES CONTROLLED BY TWITTER, INC.** | Case No. 1:23-mc-00084-JEB |

**TWITTER'S REPLY MEMORANDUM PARTIALLY
SUPPORTING THE PRESS COALITION'S APPLICATION FOR ACCESS**

X Corp., as successor in interest to Twitter, Inc. ("Twitter," for convenience), files this brief reply to address three points the government makes in response to Twitter's memorandum. *First*, the government is wrong that "the law and the bases for the courts' decisions are all public." Dkt. 15 at 13.  The specific reasons that the government provided, and that this court and the D.C. Circuit relied on, for granting and affirming the non-disclosure order remain under seal.  *Second*, the government fails to inform the Court that the documents it recently consented to unseal in the D.C. Circuit contain some of the same material that it seeks to maintain under seal in district court.  Those disclosures diminish the government's interest in secrecy and refute the government's contention that it would be impossible to redact and partially release the materials in this Court.  *Third*, the government confuses materials generated in proceedings ancillary to grand jury proceedings, which are not at issue here, and grand jury materials that the government chooses to submit in a separate judicial proceeding, which are at issue here and are not covered by Federal Rule of Criminal Procedure 6(e).

**1.**     Contrary to the government, "the law and the bases" for the district court's and the D.C. Circuit's decisions granting and affirming the non-disclosure order are not public. Dkt. 15 at 13.  Twitter does not "ha[ve] all the information it needs" "about 'the governing law' of

1

nondisclosure orders," *id.*, because the currently public version of these opinions redact the supposedly "compelling reasons" that the government provided for seeking a non-disclosure order. Mem. Op., *In the Matter of the Search of Information That is Stored at Premises Controlled by Twitter Inc.*, No. 23-sc-31 (D.D.C. Mar. 3, 2023), publicly available at ECF No. 50-1 at 167, https://www.dcd.uscourts.gov/content/doc-50-1-attachment-documents-unsealed-redactions ("Pub. Dct. Op").

The district court's opinion redacts the specific bases for the non-disclosure order that it recites, and it relies extensively on still-sealed ex parte government submissions. For example, the district court's opinion explains that "[t]he NDO was granted based on the government's proffered facts," including the government's "lengthy Warrant Affidavit detail[ing] various actions of the User, and the User's associates, [REDACTED]," followed by a page-long redacted footnote. *Id.* at 171 & n.4. The district court opinion also effectively incorporates by reference government submissions—*i.e.*, the ex parte opposition and warrant and non-disclosure order application—that are not public and whose unsealing the government opposes. The opinion states that "[t]he government's *ex parte* filing, as well as the Warrant and NDO Application, provide ample reason to support the NDO here to avoid any enumerated harm," followed by a half-page long redacted footnote. *See id.* at 188-189 & n.6; *see also id.* at 167, n.2 ("The government's opposition summarizes extensive evidence of the User's conduct, and those of his associates, raising legitimate concerns [REDACTED]." (citing government's ex parte opposition)); *id.* at 182 ("According to the government, these secrecy interests are particularly salient here because [REDACTED]." (citing government's ex parte opposition)).

The D.C. Circuit's binding, published opinion similarly redacts, in part, its basis for affirming the district court's non-disclosure order and relies on the ex parte district court

materials. It concludes that the government's "*[e]x parte* submissions … supported the district court's finding that disclosure would have harmed the integrity and secrecy of the ongoing grand jury investigation." *In re Sealed Case*, 77 F.4th 815, 831 (D.C. Cir. 2023). This conclusion is supported by a redacted footnote spanning two pages, which appears to cite (and thus incorporate by reference) the government's *ex parte* submissions. *Id.* at 831, n.6 ("*See e.g.*, [REDACTED]").

Without the factual underpinnings of the courts' opinions (including the still-sealed government submissions), Twitter remains, as the district court put it, "quite ignorant of details." Pub. Dct. Op. at 185. The government attempts to minimize these as "limited redactions," Dkt. 15 at 12, but these redactions go to the core of the district court's and the D.C. Circuit's decisions to grant and affirm the non-disclosure order. As a content-based, prior restraint on speech, the non-disclosure order is "presumptively unconstitutional," *In re Sealed Case*, 77 F.4th at 829, unless the government provides specific "proof" that the restraint "is justified by a compelling government interest and is narrowly drawn to serve that interest," *Brown v. Entertainment Merchs. Ass'n*, 564 U.S. 786, 798-799 (2011). In other words, the law requires the government to proffer concrete facts establishing a need for nondisclosure, but the facts that the district court found sufficient to meet that stringent test remain secret. Without knowing those facts, Twitter cannot know the law. Indeed, in rejecting Twitter's arguments opposing the non-disclosure order, both the district court and D.C. Circuit recognized that Twitter's "informational void" hindered its defense. Pub. Dct. Op. at 185-186; *see also In re Sealed Case*, 77 F.4th at 831 ("[T]he publicly available information that Twitter cited did not present the full story."). The government objects that Twitter does not need access to the information about the government's showing in "this particular investigation" to understand the law, and therefore "to

3

create company policy or respond to any future nondisclosure orders." Dkt. 15 at 13. But that is precisely how common-law reasoning works: reasoning by analogy from one set of specific facts to the next.

    **2.** The government has a diminished interest in the secrecy of the sealed materials because the D.C. Circuit has now disclosed some of that same information—with the government's consent. The government insists that "the documents [it] seeks to maintain under seal have not been previously made public," Dkt. 15 at 14, but some of the material that it recently "consent[ed]," *id.*, to unsealing in its answering brief on appeal either *quotes directly from* or describes in detail material whose unsealing the government opposes here. *See* Answering Brief for the United States, Dkt. 2017103, *In re: The Search of Information Stored at Premises Controlled by Twitter, Inc.*, 23-5044 (D.C. Cir.) (unsealed Sept. 15, 2023) ("Gov. Ans. Br.") (attached as Exhibit A). The government also recently consented to the D.C. Circuit's release of a barely redacted transcript of the government's ex parte oral argument from May 2023 (attached as Exhibit B), in which the government likewise describes in detail material "redacted for Twitter." Tr. 3. In particular, the unsealed materials in the D.C. Circuit disclose facts the government proffered in support of the non-disclosure order as well as which of those facts the district court found compelling. For example:

- The government's answering brief quotes the district court's conclusion that the non-disclosure order served a compelling government interest of furthering the investigation's integrity and secrecy because of the former President's "demonstrated history of seeking to interfere with and undermine the due process of law." Gov. Ans. Br. at 13 (quoting Dkt. 30 at 17); *see also id.* at 14 (citing Dkt. 30 at 23 n.6)).

  - The quoted language, now publicly available in the government's appellate brief, remains redacted on the corresponding page of the public district court opinion. Pub. Dct. Op. at 182.

- The government's now unsealed answering brief reveals specific facts that the government relied on in its ex parte opposition to Twitter's motion to vacate or modify the non-disclosure order, including that former President Trump "propagated false claims

4

of fraud (including swearing to false allegations in a federal court filing)" and that disclosing Twitter's warrant to the former President "could precipitate violence as occurred following the public disclosure of the search warrant executed at Mar-a-Lago." Gov. Ans. Br. at 22-23, 27 (citing Government's *Ex Parte* Opposition to Twitter Inc.'s Motion to Vacate or Modify Non-Disclosure Order and Stay Twitter's Compliance with Search Warrant, 23-sc-21, at 3-9 (D.D.C.) (filed Feb. 16, 2023) ("*Ex Parte* Opposition").

- o In describing those facts, the brief cites the government's ex parte opposition in the district court, which remains under seal.

- In the ex parte oral argument transcript, the government describes "the former President's obstructive acts and conduct with respect to the investigation … in Mar-a-Lago," in which the former President's counsel misled the government about whether the former President had retained classified information. Tr. at 3-4; *see also id.* at 4 ("The government's investigation continues and finds, well, you know, probable cause-level information to suggest that in fact the former President, acting with others, has been moving boxes around and is likely to continue to be holding classified information.").

  - o That basis for the non-disclosure order does not appear in any public district court materials.

- In the ex parte oral argument transcript, the government states it is "correct" that its "core concern" of "potentially intimidating witnesses or spoliating evidence" was based in part on "[o]ther people act[ing] violently toward the Bureau" after the former President publicized the Mar-a-Lago warrant. Tr. at 4-5.

  - o That example of endangerment of government officials does not appear in any public district court materials.

- In the ex parte oral argument transcript, the government describes a concern that "the inference that one can draw [from certain payments] is that these payments [] are designed to keep somebody from participating with the ongoing investigation." Tr. at 9.

  - o This basis for the non-disclosure order does not appear in any public district court materials.

Given that this information is now public in the D.C. Circuit, the government cannot credibly maintain that *all* of the information currently redacted in the district court opinion, the government's ex parte opposition, and its ex parte non-disclosure application must remain secret. Nor can the government credibly maintain that further redaction review is simply impossible due to the "interweave[]" of public and nonpublic facts. Dkt. 15 at 15. Where so much is already public, "the Court's analysis must ask whether the release of these particular [materials] is likely

5

to create *a new or heightened risk.*" *United States v. Munchel*, 567 F. Supp. 3d 9, 19 (D.D.C. 2021) (emphasis added). The government has failed to make that showing here, and at a minimum, this Court should require it to undertake a rigorous redaction review of all currently nonpublic information and provide specific reasons for each continued redaction.

  **3.** The government is wrong that Federal Rule of Criminal Procedure 6(e) applies to any of the sealed materials. Dkt. 8 at 4. As Twitter explained (*id.* at 4-5), Rule 6(e)'s categorical secrecy requirements apply only to grand jury proceedings and proceedings ancillary to the grand jury's work. The government's sole case, *In re Press Application for Access to Jud. Recs. Ancillary to Certain Grand Jury Procs.*, 2023 WL 5318267, (D.D.C. Aug. 18, 2023), did not hold otherwise. *See* Dkt. 15 at 16, n.4. That case applied Rule 6(e) to an ancillary proceeding: "a grand-jury witness's … invocation 'of a testimonial privilege.'" *In re Press Application*, 2023 WL 5318267, at *3 (quoting *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 498 (D.C. Cir. 1998)). The government's decision to rely on materials taken from a grand jury in this proceeding does not render it a proceeding ancillary to the grand jury's work. *See* Dkt. 8 at 6. And even if the Court were to find that Rule 6(e) does apply, it still would not warrant continued sealing. The government would have to show that revealing "the specific facts" contained in the still-sealed materials would disclose "a particular grand-jury secret." *In re Press Application*, 2023 WL 5318267, at *5. That is a tall order given the "significant amounts of" information already made public in both this court and the D.C. Circuit. Dkt. 15 at 1.

## CONCLUSION

  For the foregoing reasons, the Court should unseal all records in *In re Twitter*, with the limited exceptions previously explained. *See* Dkt. 8 at 13.

6

Dated: October 6th, 2023

                                        Respectfully submitted,

                                        <u>s/ Seth Waxman</u>
Seth Waxman, D.C. Bar 257337
Ari Holtzblatt, D.C. Bar 1009913
Benjamin Powell, D.C. Bar 464823
Whitney Russell, D.C. Bar 987238
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave. NW
Washington, DC 20037
Seth.Waxman@wilmerhale.com
Ari.Holtzblatt@wilmerhale.com
Benjamin.Powell@wilmerhale.com
Whitney.Russell@wilmerhale.com
Tel:  (202) 663-6000
Fax:  (202) 663-6363

*Counsel for X Corp., successor in interest to Twitter, Inc.*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of October 2023, I caused the foregoing to be electronically filed using the Court's CM/ECF system.

s/Seth Waxman
Seth Waxman, D.C. Bar 257337
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave. NW
Washington, DC 20037
Seth.Waxman@wilmerhale.com
Tel:  (202) 663-6000
Fax:  (202) 663-6363
