IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br><br>INFORMATION THAT IS STORED AT PREMISES CONTROLLED BY TWITTER INC. IDENTIFIED IN ATTACHMENT A | Case No. 23-SC-31<br><br>**Filed Under Seal** |

**FIRST APPLICATION FOR NONDISCLOSURE ORDER UNDER 18 U.S.C. § 2705(b), AND TO SEAL WARRANT AND RELATED DOCUMENTS**

The United States of America, by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order placing the above-captioned search warrant and the application and affidavit in support thereof, and all attachments thereto and other related materials (collectively, the "Warrant") under seal, and precluding the provider from notifying any person of the Warrant under 18 U.S.C. § 2705(b). In regard to the nondisclosure, the proposed Order would direct Twitter Inc., ("PROVIDER"), an electronic communication service provider and/or a remote computing service located in San Francisco, California, not to notify any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) of the existence or content of the Warrant for a period of 180 days (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court.

## JURISDICTION

1.    This Court has jurisdiction to issue the requested order because it is a "court of competent jurisdiction" as defined by 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. 18 U.S.C. § 2711(3)(A)(i). As discussed more fully below, various acts under investigation occurred within the District of Columbia. *See* 18 U.S.C. §3237.

## FACTUAL BACKGROUND

2.      Execution of the Warrant is part of the Government's ongoing criminal investigation into possible violations of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Specifically, this investigation concerns the conduct detailed in the affidavit underlying the search warrant application. The Warrant seeks information concerning the owner of the account(s) with the Twitter account identified in Attachment A, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

## LEGAL BACKGROUND FOR NONDISCLOSURE

3.      PROVIDER provides an "electronic communications service," as defined in 18 U.S.C. § 2510(15), and/or a "remote computing service," as defined in 18 U.S.C. § 2711(2). The Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701-2713, governs how PROVIDER may be compelled to supply communications and other records related to that service using a subpoena, court order, or search warrant. Specifically, Section 2703(c)(2) authorizes the Government to obtain certain basic "subscriber information" using a subpoena, Section 2703(d) allows the Government to obtain other "non-content" information using a court order, and Section 2703(a), (b)(1)(A), and (c) allows the Government to obtain contents of communications, as well as non-content information and records or other information about a subscriber or customer of such service, by means of a properly-issued search warrant. *See* 18 U.S.C. § 2703(a)-(c).

4.      The SCA does not set forth any obligation for providers to notify subscribers about subpoenas, court orders, or search warrants under Section 2703. However, many have voluntarily adopted policies of notifying subscribers about such legal requests. Accordingly, when necessary,

Section 2705(b) of the SCA enables the Government to obtain a court order to preclude such notification. In relevant part, Section 2705(b) provides as follows:

> (b) **Preclusion of notice to subject of governmental access**. — A governmental entity acting under section 2703 . . . may apply to a court for an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order. The court shall enter such an order if it determines that there is reason to believe that notification of the existence of the warrant, subpoena, or court order will result in—
> (1) endangering the life or physical safety of an individual;
> (2) flight from prosecution;
> (3) destruction of or tampering with evidence;
> (4) intimidation of potential witnesses; or
> (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial.

18 U.S.C. § 2705(b). The United States District Court for the District of Columbia has made clear that a nondisclosure order under Section 2705(b) must be issued once the Government makes the requisite showing about potential consequences of notification:

> The explicit terms of section 2705(b) make clear that if a courts [*sic*] finds that there is reason to believe that notifying the customer or subscriber of the court order or subpoena may lead to one of the deleterious outcomes listed under § 2705(b), the court must enter an order commanding a service provider to delay notice to a customer for a period of time that the court determines is appropriate. Once the government makes the required showing under § 2705(b), the court is required to issue the non-disclosure order.

*In re Application for Order of Nondisclosure Pursuant to 18 U.S.C. § 2705(b) for Grand Jury Subpoena #GJ2014031422765*, 41 F. Supp. 3d 1, 5 (D.D.C. 2014).

5. Accordingly, this application sets forth facts showing reasonable grounds to command PROVIDER not to notify any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) of the existence of the Warrant for a period of 180 days

(commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court.

## LEGAL BACKGROUND FOR SEALING

6.  In this matter, the Government also requests that the Warrant, this application, and the Order all be filed under seal. The Court has the inherent power to seal court filings when appropriate, including the Warrant. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the Warrant and related filings to prevent serious jeopardy to an ongoing criminal investigation when, as in the present case, such jeopardy creates a compelling governmental interest in preserving the confidentiality of the Warrant. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).

## REQUEST FOR SEALING AND NONDISCLOSURE

7.  In this matter, the United States requests that (1) the Warrant be sealed until further order of the Court; (2) PROVIDER and its employees be directed not to notify any other person of the existence or content of the Warrant (except attorneys for PROVIDER for the purpose of receiving legal advice) for a period of 180 days (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court.

8.  Such an order is appropriate here. The Warrant relates to an ongoing criminal investigation. While the general fact of some investigation may be known to the public, the contours and scope of the investigation remain unknown to the public and the specific subjects of the investigation. ███████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

█████

9.      Given the complex nature of the criminal activity under investigation, the United States anticipates that this confidential investigation may continue for the 180 days or longer.

10.     **Nondisclosure Order.** Therefore, based on the foregoing, there are reasonable grounds to believe that disclosure of the Warrant would result in destruction of or tampering with evidence, intimidation of potential witnesses, or other serious jeopardy to this investigation.  *See* 18 U.S.C. § 2705(b)(3)-(5).  Accordingly, this Court should command PROVIDER not to notify any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) of the existence of the Warrant for a period of 180 days (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court.  Should the court-ordered nondisclosure under Section 2705(b) become no longer needed because of the closure of the investigation or arrest of the account holder, the United States will make best efforts to notify the Court promptly and seek appropriate relief.

11.     **Sealing.** For the reasons stated above, because of such potential jeopardy to the investigation, there also exists a compelling governmental interest in confidentiality to justify the sealing the Warrant, this application, and this Order. *See Robinson*, 935 F.2d at 287-89.

12.     WHEREFORE, the United States requests that (1) the Warrant be sealed until further order of the Court; and (2) PROVIDER and its employees be directed not to notify any other person of the existence or content of the Warrant (except attorneys for PROVIDER for the purpose of receiving legal advice) for a period of 180 days (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court.

                                      Respectfully submitted,

                                      JACK SMITH
                                      SPECIAL COUNSEL
                                      N.Y. Bar No. 2678084

Date: January 17, 2023        By:    */s/ Gregory Bernstein*
                                                       Gregory Bernstein
                                                       Assistant Special Counsel
                                                       950 Pennsylvania Ave. NW, Rm. B-206
                                                       Washington, D.C. 20530
                                                       [REDACTED]